Bissell, P. J.
In the view which we take of this controversy, there is no necessity, and there would be little propriety in entering on the discussion of the true construction of the agreement which the parties made on the 23d of November, 1896, or in attempting to determine whether the notes and the contract were parts and parcel of the same transaction, and therefore to be construed as one instrument, the validity of the one necessarily being perhaps determinable by a decision respecting the validity or invalidity of the other. We must concede the matter has been very ably argued by counsel for the appellants, as well as by the amicus curice, and the briefs are an exhaustive discussion of the propriety of such contracts and of the policy of the law respecting them. The controversy, however, can be decided without any disposition of this troublesome question, on what we conceive to be an exceedingly plain principle. The notes import a consideration. The defendants set up the want of it, and under most circumstances the burden would be on them to establish this fact. The matter is easily resolved both on the pleadings and the ap *11 pellee’s evidence. At the outset it must be stated, the Curriers were not indebted to Clark when they executed the notes. Clark had no claim against them and they owed him no money. They did not represent an indebtedness from the one to the other. Mr. Clark very frankly concedes that they were given to relieve him from the burden of some large indebtedness which George Currier owed him and which grew out of many business transactions between them. It may then be taken as true for the purposes of this decision, that these notes are simply promises to pay George. Currier’s debts, and that they were not given at the time the debts were incurred but long after they had accrued, and it therefore becomes a patent and pivotal inquiry whether there was any new consideration passing between the parties sufficient to make the promises obligatory and enforcible. It makes little difference in the result whether we accept the appellants’ hypothesis that there was no consideration because the real agreement between the parties was one for the resignation of Clark as the executor of Warren Currier, or whether we take Clark’s version, that this had nothing to do with it, but that they were given to pay, so far as might be, a portion of George Currier’s indebtedness. If we accept the proposition of the appellants, manifestly, the agreement to resign would be neither a good nor a valuable consideration. If we take the theory which is easily deducible from Clark’s testimony, that this was not the real consideration, but it is to be found in the agreement to pay a part of George’s debts, then unless there is some other consideration of which the record does not advise us, none passed between the parties when the paper was given.
A good deal of stress has been put in the argument of the amicus curice on the proposition that a settlement of a pending litigation is always an adequate consideration for the execution of commercial paper. As a general proposition this is doubtless true. Wherever there is a suit pending between parties concerning property rights, and claims are asserted on the one hand and denied on the other, whether the defenses *12 rest on an absolute denial or are asserted by way of counterclaim, the force of the principle and its applicability is undoubted. A compromise of disputes or litigation is universally recognized by the authorities as a good consideration for commercial paper, executed at the time for the purposes of settlement. As we view it, the present suit exhibits none of the elements or facts requisite to the application of the principle. In the first place, the suit which was to be dismissed was in no sense a suit concerning property. It was simply a proceeding taken in the county court to remove the executors of the estate on various grounds, of which we are not advised, but in the end it was solely and only to remove the trustees from the management of the property. The suit then concerned no dispute over property rights or pecuniary claims or interests. We are likewise unable to discover that the remaining part of the agreement as stated in the pleadings and as testified to by Clark respecting the payment of attorneys’ fees, the payment of the commissions for the collection of rent and the expense of the bookkeeper, can be legitimately regarded as matters in dispute'in that litigation, the settlement of which would furnish a good consideration for this commercial paper. There are several answers to the contention. The suit was not begun by Mrs. Currier and Henry, but they were defendants therein. The proceeding was instituted in the name of the minor heirs and residuary legatees of Warren Currier, and was being prosecuted in the name of their next friend, Mr. Packard. The suit to be dismissed, .then, was not a suit between the signers of the note and the payee, but between other parties who were not privies to this proceeding. Further than this, we are totally unable to see that the Curriers could make an agreement to dismiss that proceeding which could in any wise bind these minor heirs or their next friend, or that they were so situated that they could compel the dismissal of that proceeding. Beyond this, it is likewise true, that the items suggested of commissions, clerk hire, and attorneys’ fees and salary, were matters over which neither of the makers of the notes nor the payee *13 had the power of control or determination. They were determinable only by the county court which has original jurisdiction in all probate proceedings, or in the district court to which they may perhaps be taken for the purpose of review. The county court sitting as a court of probate, or the district court reviewing its proceedings, can alone determine whether those expenses and that compensation were or were not payable, and could alone determine the extent of the executor’s compensation and the expenses which should be allowed him in the management of the estate. In these particulars, therefore, the agreement cannot be taken as part or parcel of the consideration of the paper, nor can the dismissal of the suit or the proceedings with reference to the removal of the executor, and seeking an accounting, in any wise furnish a basis for the promise to pay. These two considerations, as we look at it, entirely dispose of the contention that it was a compromise of a litigation and a settlement of a dispute. There was no suit between the parties to be settled. If it could in any wise be regarded as a suit in which the parties were interested, it concerned no property rights, and any agreement which they might make respecting compensation or the allowance of expenses was totally without and beyond their power, and rested wholly with the court.
This proposition being resolved against the appellee, and it appearing from his own testimony and on the entire record that Mrs. Currier and Henry were in no wise indebted to him, and that the notes were given in part payment of George’s debts, it is indispensable that we should be able to find in the transaction somewhere an independent consideration moving between the parties. This we are wholly unable to do. Our conclusions in this respect are strongly fortified by the suggestion that nowhere in the record does it appear that George Currier received any credit or advantage or benefit at the time of the transaction or thereafter. So far as we can determine from the present record, George still remains indebted to Mr. Clark in the sum which he had theretofore owed. His indebtedness was in nowise reduced, Clark was *14 in no manner harmed, nor did he give up any security which he had theretofore held, or any obligation or promise to pay which was in his possession, or relinquish any property or contract rights. He, therefore, was not damnified by the acceptance of the paper, nor so far as we can see were the makers in any wise advantaged by their promise. All these tilings being true, we must conclude there was no consideration for these notes, and that they are not obligations in Clark’s hands as against the makers. We, therefore, adjudge the defense of a want of consideration well maintained. Judgment should have gone for the Curriers on the testimony as it now stands. What may be shown on a subsequent trial we do not know. It is barely possible there may be some proof respecting a new consideration sufficient to support the notes. This being true, we can simply reverse the case and remand it for further proceedings not inconsistent with this opinion.

Reversed.